EDWARD L. JARVIS & al. *versus* ST. CROIX MANUFACTURING COMPANY.

The holder of a bill or note has a right to adopt a private conveyance, instead of the mail, for the receipt and transmission of notice to a drawer or indorser of the dishonor thereof; but in such case, it is incumbent on the holder to show, that due diligence was used.

ASSUMPSIT against the defendants as drawers of a bill of exchange, dated Aug. 10, 1839, on N. Dewey of the city of New York, payable in 60 days after sight, accepted by Dewey on Aug. 26, 1839, and indorsed by the defendants, and by the plaintiffs.

The plaintiffs resided at St. John, New Brunswick, the place of business of the defendants was at Calais in this State, and the accepter resided in the city of New York.

The bill was protested in the city of New York, for non-payment by the accepter, on Oct. 28, 1839, and a notice, addressed to the defendants, informing them of the dishonor and protest, was, at the request of the plaintiffs, placed in the postoffice at Eastport on the eleventh day of November, 1839. It was agreed, that the mail was at that time five days in passing from New York to Eastport ; that the mail between St. Andrews and St. John passed three times each week, leaving the former place on Monday, Wednesday and Friday, and

returning on Tuesday, Thursday and Saturday, leaving each place early in the morning, and arriving late in the evening; that the mail between Eastport and Calais then passed on alternate days, and on said eleventh of November passed from Eastport to Calais, leaving before the notice was put into the office; that letters to and from the Province of New Brunswick meet through that mail; and that letters from St. John for Calais would not go by the way of Eastport, but directly from St. Andrews to Robbinston and from thence to Calais. The Court, upon this evidence, were authorized to draw any inferences which a jury would be authorized to do, and to order a nonsuit or default, as justice might require.

*D. T. Granger* argued for the plaintiffs, citing 3 Dana, 128; 2 Hall, 12; *Farmer* v. *Rand,* 4 Shepl. 453; Chitty on Bills, (6th Ed.) 226.

*J. Granger* argued for the defendants, citing *Freemen's Bank* v. *Perkins,* 6 Shepley, 292; Bayley on Bills, 269, and note; 3 Wend. 276.

The opinion of the Court was by

WHITMAN C. J. — Notice of the non-payment of the draft in this case could not have reached the defendants before the 16th or 17th day after its dishonor. Instead of sending it directly from St. John to Calais, by due course of mail, the plaintiffs seem to have preferred sending it to Eastport; and there to have it mailed for the defendants at Calais. This was on the 16th day after its dishonor in New York. The mail was five days in reaching Eastport from New York. This accounts for five days of the time. How it should happen that eleven days more were necessary to forward it from thence to St. John and back to Eastport does not appear. It does not seem, by the course of the mails between Eastport and St. John, that more than four or five days need be occupied in the transmission of a letter and the return of an answer. It is true that the plaintiffs had a right to adopt a private conveyance for the receipt and transmission of notice. But it is clearly incumbent on them to show that due diligence was

used. The evidence in the case is entirely silent as to how it should have happened that so much greater delay took place than we can see, from the evidence, to have been necessary. It was incumbent on the plaintiffs to have removed any reasonable doubts upon this point ; and, not having done so, we think a nonsuit must be entered.